IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02258-BNB

DONALD O. BRADY,

      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
EXECUTIVE DIRECTOR ARISTEDES ZAVARAS,
BUENA VISTA CORRECTIONAL COMPLEX,
WARDEN GEORGE DUNBAR,
HEAD OF MEDICAL AT BUENA VISTA,
DOUG ROBERTS, and
P.A. MRS. BLACKMORE,

      Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 8 2007

GREGORY C. LANGHAM
                   CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Donald O. Brady, is in the custody of the Colorado Department of

Corrections at the Buena Vista Minimum Center at Buena Vista, Colorado. Mr. Brady

has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The court must

construe the complaint liberally because Mr. Brady is representing himself. *See Haines*

*v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*,

935 F.2d at 1110. For the reasons stated below, Mr. Brady will be ordered to file an

amended complaint.

The court has reviewed the complaint filed by Mr. Brady and finds that it is

deficient. First, it is not clear who all of the Defendants in this action are. Although Mr.

Brady lists seven Defendants in the caption of the complaint, he lists only four Defendants in Section A of the complaint, the section that describes the parties to the action. Furthermore, it is not clear that the Defendant identified in the caption as the "Buena Vista Correctional Complex" is a person subject to suit in this § 1983 action. Mr. Brady is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Brady should name as Defendants the persons he believes actually violated his constitutional rights.

The court also finds that the complaint is deficient because Mr. Brady fails to allege facts to demonstrate that each of the named Defendants personally participated in the asserted constitutional violation. Mr. Brady asserts one claim for relief and that claim is asserted against one of the named Defendants. It is not clear why any of the other Defendants are being sued in this action.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Brady must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Therefore, Mr. Brady will be directed to file an amended complaint that clarifies who he is suing and in which he alleges specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violation. In order for Mr. Brady to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Brady is reminded that it is his responsibility to present his claims in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Mr. Brady file **within thirty (30) days from the date of this order** an original and sufficient copies of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Brady, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Brady fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED November 28, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02258-BNB

Donald O. Brady
Prisoner No. 58332
Buena Vista Minimum Center
PO Box 2005 - Unit C
Buena Vista, CO 81211

I hereby certify that I have mailed a copy of this **ORDER and and two copies of Prisoner Complaint** to the above-named individuals on \_\_\_\_11/28/07\_\_\_\_

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk