IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 21 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-02258-BNB

DONALD O. BRADY,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS EXECUTIVE DIRECTOR
    ARISTEDES ZAVARAS,
B.V.C.C. WARDEN GEORGE DUNBAR,
HEAD OF MEDICAL AT BUENA VISTA DOUG ROBERTS, and
PHYSICIANS ASSISTANT MRS. BLACKMORE,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE
## TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Donald O. Brady is a prisoner in the custody of the Colorado Department of Corrections at the Delta Correctional Center at Delta, Colorado. Mr. Brady initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the Eighth Amendment to the United States Constitution were violated while he was incarcerated at the Buena Vista Minimum Center. On November 28, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Brady to file an amended complaint that clarifies who he is suing and that includes specific facts to demonstrate how each named Defendant personally participated in the alleged constitutional violation. On February 11, 2008, Mr. Brady filed an amended Prisoner Complaint.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Brady is a prisoner and he is seeking redress from an officer or

employee of a governmental entity. Pursuant to § 1915A(b), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous pursuant to § 1915A(b).

The Court must construe the amended complaint liberally because Mr. Brady is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Brady asserts one claim that his Eighth Amendment rights were violated when he was given an injection as part of his annual tuberculosis test even though he is allergic to the test. Mr. Brady specifically alleges that Defendant Physician's Assistant Mrs. Blackmore, acting under the direct supervision of Defendant Head of Medical at Buena Vista Doug Roberts, ignored his medical records and his protests and forced him to take the test. Mr. Brady further alleges that he suffered a serious allergic reaction after the test was administered. Mr. Brady does not allege any facts to

2

demonstrate that either Defendant Colorado Department of Corrections Executive Director Aristedes Zavaras or Defendant B.V.C.C. Warden George Dunbar was involved in any way in the tuberculosis test administered to Mr. Brady. In fact, Mr. Brady does not even mention Defendants Dunbar and Zavaras in connection with the claim he is raising in this action.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Brady must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

The Court finds that Mr. Brady fails to demonstrate that either Defendant Dunbar or Defendant Zavaras personally participated in the asserted violation of his constitutional rights. Therefore, Defendants Dunbar and Zavaras will be dismissed as parties to this action for lack of personal participation. The Court will not address at this time the merits of Mr. Brady's claims against Defendants Blackmore and Roberts. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the claims asserted against Defendants Colorado Department of Corrections Executive Director Aristedes Zavaras and B.V.C.C. Warden George Dunbar are dismissed pursuant to 28 U.S.C. § 1915A(b) as legally frivolous. It is

FURTHER ORDERED that Defendants Colorado Department of Corrections Executive Director Aristedes Zavaras and B.V.C.C. Warden George Dunbar are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 20 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02258-BNB

Donald O. Brady
Prisoner No. 58332
Delta Correctional Center
4102 Sawmill Mesa Road - Unit 5-109
Delta, CO 81416

I hereby certify that I have mailed a copy of this **ORDER** to the above-named individuals on 2/21/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk