IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02258-EWN-CBS

DONALD O. BRADY,
    Plaintiff,
v.

HEAD OF MEDICAL AT BUENA VISTA, DOUG ROBERTS, and
PHYSICIANS ASSISTANT, MRS. BLACKMORE,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Defendant Roberts' Motion to Dismiss (filed April 25, 2008) (doc. # 24). Pursuant to the Order of Reference dated February 27, 2008 (doc. # 14) and the memorandum dated April 25, 2008 (doc. # 25), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, Mr. Brady's Response (filed May 27, 2008) (doc. # 29), the pleadings, and the applicable law and is sufficiently advised in the premises.

I.     Statement of the Case

    Plaintiff Donald O. Brady is currently incarcerated at the Delta Correctional Center of the Colorado Department of Corrections ("CDOC") in Delta, Colorado. Mr. Brady was previously incarcerated at the Buena Vista Correctional Complex ("BVCC") in Buena Vista, Colorado. (*See* Amended Complaint (doc. # 10)). Mr. Brady alleges that on July 11, 2007, he was "called to medical to be given a T.B. test," that he "informed the [Physician's Assistant] Mrs. Blackmore, that I was allergic to the test," and that "she

knowingly administered the vaccination knowing that I was allergic to it." (*See* Amended Complaint (doc. # 10) at p. 4 of 17). Mr. Brady alleges that he suffered an allergic reaction to the TB test. (*See* Amended Complaint (doc. # 10) at pp. 5-6 of 17). Mr. Brady brings a single claim pursuant to 42 U.S.C. § 1983 that Defendants were deliberately indifferent to his serious medical condition in violation of the Eighth Amendment to the U.S. Constitution. (*See* Amended Complaint (doc. # 10) at pp. 4-6 of 17). As relief Mr Brady seeks "a declaratory judgment stating the Defendan[ts] in this case are at fault, . . . monetary damages, . . . punitive damages," and "expenses." (*See* Amended Complaint (doc. # 10) at p. 10 of 17). Defendant Roberts moves to dismiss the Amended Complaint on several grounds pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

II.     Standard of Review

Under Rule 12(b)(1), a motion to dismiss may be granted if the court does not have subject matter jurisdiction over the matter. In addressing a jurisdictional challenge, the court need not presume all of the allegations contained in the complaint to be true, "but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. . . ." *United States v. Rodriguez Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001) (citation omitted).

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The burden is on

the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S.Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Because Mr. Brady appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III. Analysis

A. Liability of Defendants under § 1983

Section 1983 creates a cause of action where a "person . . . under color of any

statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution." To establish a claim under § 1983, a plaintiff must prove he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

1. Liability of Defendants in their Official Capacities

Mr. Brady does not allege in the pleadings whether he is suing Defendants in their individual capacities, their official capacities, or both. (*But see* "Reply [Response] Brief" (doc. # 29) ("The plaintiff is not just suing Doctor Doug Roberts in his official capacity but also in his personal capacity . . .")). To the extent that Mr. Brady is suing Defendants in their official capacities, he is actually attempting to impose liability on their employer, the State of Colorado. *See Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988) ("[a] judgment against a public servant in his official capacity imposes liability on the entity he represents"); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself").

The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects

of any Foreign State." U.S. Const. amend. XI. Absent considerations not present in this case, the Eleventh Amendment forbids a suit for damages against a state in federal court. *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). The Eleventh Amendment confers total immunity from suit, not merely a defense to liability. *Ambus*, 995 F.2d at 994 (citation omitted). Thus, any claim for money damages brought against Defendants in their official capacities under § 1983 is barred by the Eleventh Amendment and is properly dismissed with prejudice for lack of subject matter jurisdiction. *See Fent v. Oklahoma Water Resources Bd.*, 235 F.3d 553, 559 (10th Cir. 2000) (Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction").

2. Liability of Defendants in their Individual Capacities

The Eleventh Amendment does not bar actions for damages against state officials in their individual capacities. *Kentucky v. Graham*, 473 U.S. 159, 164 (1985). To the extent that Mr. Brady is suing Defendants in their individual capacities, personal capacity suits pursuant to § 1983 seek to impose personal liability upon a government official for actions he or she takes under color of state law. *Graham*, 473 U.S. at 165-67.

a. Failure to State Claim Against Defendant Roberts

Individual liability under § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility. *See Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997) (individual liability under § 1983 must be based on personal

5

involvement in the alleged constitutional violation) (citation omitted); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (personal participation is an essential allegation in a civil rights action) (citation omitted); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim."). A defendant may not be held liable merely because of his or her supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). There must be an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A plaintiff must both allege in the complaint and prove at trial an affirmative link between the alleged constitutional violation and a defendant's participation. *See Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) (for § 1983 claim, affirmative link between the defendant's conduct and any constitutional violation "must be alleged in the complaint as well as proven at trial"). Defendant Roberts argues that Mr. Brady has failed to plead sufficient facts to demonstrate that he had any personal participation in or any supervisory liability for the alleged violation of Mr. Brady's constitutional rights. The court agrees.

Mr. Brady alleges no specific conduct by Defendant Roberts that gave rise to any constitutional violation. Mr. Brady's only allegations against Defendant Roberts are that Defendant Blackmore was "under the direct supervision of Dr. Roberts" and "committed a malicious act against Mr. Brady under the supervision of Dr. Roberts." (*See* Amended Complaint (doc. # 10) at p. 5 of 17). While not making an allegation in the pleadings, Mr. Brady argues that "Dr. Roberts was informed of the plaintiff's allergic reactions to the TB test drug. He deliberately set a standing order if offenders refuse this test they

are to be written up. The nurse should have brought this again to his attention before administering the shot." (*See* Mr. Brady's response (doc. # 29) at p. 2 of 3). Despite Mr. Brady's conclusory argument that Defendant Roberts was "informed of" his allergic reaction to the TB test, Mr. Brady's allegations do not indicate what Defendant Roberts was informed about, when he was informed, how he was informed, or any other detail. Mr. Brady's allegations against Defendant Roberts are vague, conclusory, and unsupported by the law. Mr. Brady has not pled that Defendant Roberts had any direct contact with him or in any way caused or participated in the alleged constitutional violation. *See McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983) (an individual cannot be held liable in a section 1983 action unless he "participated or acquiesced" in an alleged constitutional violation). Mr. Brady has not adequately alleged "an affirmative link between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates." *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) (internal quotation marks and citations omitted). Mr. Brady's claim against Defendant Roberts is in essence a *respondeat superior* claim that is insufficient to state a claim upon which relief can be granted. As Mr. Brady has failed to allege a basis for holding him individually liable under §1983, Defendant Roberts is properly dismissed from this civil action.

  b.  Defendant Blackmore

As Mr. Brady is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court ordered service of the Amended Complaint on Defendants by the United States

Marshal. (*See* doc. # 13). Pursuant to the court's February 26, 2008 "Order Granting Service by United States Marshal," the Clerk of the Court sought a waiver of service from Defendant Blackmore. On March 4, 2008, the court was notified that Defendant Blackmore was no longer employed at the Colorado Department of Corrections and had provided a Post Office Box as her forwarding address. (*See* doc. # 16). Based on the information before the court, Defendant Blackmore cannot be served at the address provided by Mr. Brady.

While an incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the Clerk of the Court and/or U.S. Marshal for service of the summons and complaint, there is no indication in this case that the U.S. Marshal or the Clerk of the Court have failed to perform their duties to serve Defendant Blackmore. Service was attempted at the address provided by Mr. Brady. Personal service cannot be accomplished at a Post Office Box. The court need not require the U.S. Marshal or the Clerk of the Court to search for Defendant Blackmore.

Fed. R. Civ. P. 4(m) provides that the court shall dismiss an action without prejudice as to any defendant who has not been served within 120 days of the filing of the action:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Approximately 11 months have passed since the filing of this civil action and the record before the court indicates that Defendant Blackmore has not been served with a

summons and complaint in this action and that Mr. Brady has not requested an extension of time for service. To date, Defendant Blackmore has not filed with the Clerk of the Court a signed waiver of service or otherwise appeared in this civil action. Based upon Mr. Brady's failure to provide proof of service of the summons and complaint on Defendant Blackmore within 120 days after the filing of the complaint, the court recommends that Defendant Blackmore be dismissed from this civil action pursuant to Rule 4(m) for failure to effect service and pursuant to D.C. COLO. LR 41.1 for failure to prosecute.

Accordingly, IT IS RECOMMENDED that:

1. Defendant Roberts' Motion to Dismiss (filed April 25, 2008) (doc. # 24) be GRANTED.

2. Any claim for money damages brought against Defendants in their official capacities under § 1983 be dismissed with prejudice for lack of subject matter jurisdiction as barred by the Eleventh Amendment.

3. Defendant Roberts be dismissed form this civil action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

4. Defendant Blackmore be dismissed from this civil action pursuant to Rule 4(m) for failure to effect service and pursuant to D.C. COLO. LR 41.1 for failure to prosecute.

5. No Defendants or claims remaining, this civil action be dismissed in its entirety.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those

10

portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 16th day of September, 2008.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge